J-A16002-17
J-A16003-17

2017 PA Super 269

IN THE INTEREST OF: R.W., A      :      IN THE SUPERIOR COURT OF
MINOR CHILD      :      PENNSYLVANIA
     :
       v.      :
     :
APPEAL OF: WESTMORELAND COUNTY      :
CHILDREN'S BUREAU      :
     :      No. 24 WDA 2017

Appeal from the Order December 12, 2016
In the Court of Common Pleas of Westmoreland County,
Domestic Relations, at No(s): 65-FN-000083-2014
CP-65-DP-0000094-2014

IN THE INTEREST OF: R.W., A      :      IN THE SUPERIOR COURT OF
MINOR CHILD      :      PENNSYLVANIA
     :
       v.      :
     :
APPEAL OF: J.R.M.      :
     :
     :      No. 53 WDA 2017

Appeal from the Order December 15, 2016
In the Court of Common Pleas of Westmoreland County,
Domestic Relations, at No(s): CP-65-DP-94-2014

BEFORE: STABILE, FORD ELLIOTT, P.J.E., and STRASSBURGER,* JJ.

CONCURRING AND DISSENTING OPINION BY STRASSBURGER, J.:
FILED: August 18, 2017

I agree with the Majority's conclusion that, based upon the record

evidence, Appellants are unable to meet the difficult burden of establishing

that the trial court abused its discretion when it directed the Agency to

_____

* Retired Senior Judge assigned to the Superior Court.

initiate termination proceedings. **_See Morgante v. Morgante_**, 119 A.3d 382, 386-87 (Pa. Super. 2015) ("We do not lightly find an abuse of discretion, which requires a showing of clear and convincing evidence. This Court will not find an 'abuse of discretion' unless the law has been overridden or misapplied or the judgment exercised was manifestly unreasonable, or the result of partiality, prejudice, bias, or ill will, as shown by the evidence in the certified record.").

I do believe this is a close case, and the evidence only slightly weighs in favor of affirmance. Nonetheless,

> [t]his case epitomizes why appellate courts must employ an abuse of discretion standard of review, as we are not in a position to make the close calls based on fact-specific determinations. Not only are our trial judges observing the parties during the hearing, but usually, as in this case, they have presided over several other hearings with the same parties and have a longitudinal understanding of the case and the best interests of the individual child involved. Thus, we must defer to the trial judges who see and hear the parties and can determine the credibility to be placed on each witness and, premised thereon, gauge the likelihood of the success of the current permanency plan. Even if an appellate court would have made a different conclusion based on the cold record, we are not in a position to reweigh the evidence and the credibility determinations of the trial court.

**_In re R.J.T._**, 9 A.3d 1179, 1190 (Pa. 2010).

However, I disagree with the trial court's decision to decrease visitation substantially,[1] and with the Majority's conclusion that such limited

---

[1] Notably, the trial court does not address this issue, raised by Mother, in its 1925(a) opinion.

contact with Mother was appropriate because "the frequency of the visitation transitions was having a negative effect on Child." Majority Opinion at 22. I fail to see how the frequency of transitions Child has faced as he has gone back and forth between Mother and Foster Mother bolsters the trial court's finding that limited contact with **Mother** is in the best interest of Child. Furthermore, when ordering such a substantial reduction in visitation prior to the termination hearing, the trial court has essentially stacked the deck against Mother, making it that much more difficult to prevail in these proceedings.

In light of the foregoing, I would reverse the portion of trial court's order that reduces Mother's visits to twice a month. While I would affirm the remainder of the order, I would do so cautiously.[2]

---

[2] While the trial court has not abused its discretion in concluding that the Agency must proceed with filing a petition to terminate rights based on the lack of a self-evident exception to 42 Pa.C.S. § 6351(f)(9), in order for Mother and Father's rights to be terminated, the Agency will still have to prove by clear and convincing evidence the statutory elements for termination under 23 Pa.C.S. § 2511(a) and (b). **See In re P.Z.**, 113 A.3d 840, 848 (Pa. Super. 2015) (holding that a court's refusal to allow an agency to withdraw its termination petition based on the lack of a self-evident exception to 42 Pa.C.S. § 6351(f)(9) "is not tantamount to an order terminating parental rights"). Indeed, in my view, unless circumstances change, the Agency may have a difficult time meeting its burden of clear and convincing evidence.